Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

**UNITED STATES COURT**

**DISTRICT OF NOTHERN CALIFORNIA**

SUNNY YOW,

Plaintiff,

vs.

CITY OF BERKELEY ET AL

Defendant

Case No: 26-cv-10262-EMC

**REPLY OF SUNNY YOW TO CITY OF BERKELEY'S OPPOSITION TO PLAINTIFF'S TEMPORARY RESTRAINING ORDER MOTION; DECLARATION OF ANTHONY D. PRINCE**

**PLAINTIFF SUNNY YOW'S REPLY TO CITY OF BERKELEY'S OPPOSTION TO PLAINTIFF'S MOTION FOR TRO/PI**

The events surrounding the administrative "hearing" regarding Plaintiff Sunny Yow's dog "Griz" that went forward, over her counsel's objection, on September 10, 2026, show a blatant disregard for Ms. Yow's due process rights and an inexcusable departure from the City's own policy and practice regarding such hearings.

As early as September 4, 2026, as shown in the City's own Exhibit A, Document 13-1 to its opposition, City Attorney Sara Stephens wrote via email to Ms. Yow's counsel, Anthony Prince: "Please confirm whether you represent Ms. Yow for purposes of the hearing, as the City needs to communicate ***directly*** *with her counsel*, if she has legal representation for this hearing." (Emphasis added.)

At the time, as counsel for the City was informed at the time, Mr. Prince was out of town attending to an urgent family matter. On September 8, 2026 Mr. Prince replied via email to Animal Control office Michael St. Pierre and City Attorney Stephens "This is Anthony Prince. I will be representing Berkeley Homeless Union member Sunny Yow." In the same message, Mr. Prince made it clear that he had not been able to locate Ms. Yow or reach her by phone and therefore become sufficiently familiar with the facts and legal issues and provided September 16 or September 17, 2026 as dates on which he would be available for rescheduled hearing.

The next day, September 9, 2026, as he admits in his declaration, Assistant City Manager Peter Radu who should have "communicate[d] directly with [Ms. Yow's] counsel" instead made a manipulative attempt to disengage Plaintiff from her attorney. Disputing in her own declaration Radu's whitewashed, sanitized version of the encounter Ms. Yow recounts how "Peter Radu also gave me a document to sign-a waiver that would have prevented me from having legal counsel.

He handed it to me three times. *He pushed it at me.* He tried to remove my legal counsel, Anthony Prince, from appearing on my behalf at the administrative hearing for my dog. I felt that Mr. Radu was trying to take advantage of my situation of not having a phone to communicate with my representatives and continued to push the waiver." (Yow Declaration, Document 4, Pg. 18).

Although aware that Plaintiff's counsel had filed a motion for temporary restraining order to prevent Plaintiffs' dog from being destroyed; aware that Plaintiffs' counsel - as well as other BHU officers - had been unable to contact or locate Ms. Yow let alone prepare her for the Animal Control hearing since her encampment had been bulldozed and her phone seized by the City; well aware from extensive documentation submitted by BHU President Yesica Prado that Ms. Yow suffers from severe psychiatric disabilities, the City nevertheless refused to postpone the hearing on Ms. Yow's psychiatric service dog.

On September 10, 2026, concerned that Ms. Yow might appear at the Animal Shelter, Plaintiffs' counsel canceled appointments for the day and, accompanied by BHU President Yesica Prado, came to the shelter where a meeting was held with three Animal Control officials including the assigned hearing officer several minutes before the hearing had been scheduled to appear.

As described in his declaration, filed concurrently with this Reply, Mr. Prince explained that he has been representing Sunny Yow since she joined the Homeless Union and was one of 30 unsheltered residents of the City of Sausalito who were provided with city funds for housing assistance as part of the settlement in the case of *Sausalito/Marin County Homeless Union v. City of Sausalito.*

Plaintiff's counsel repeated what he had previously told City Attorney Sara Stephens and Animal Control Director Michael St. Pierre, i.e., that he had no opportunity to meet with, let alone prepare Ms. Yow for the hearing and requested that the hearing be rescheduled. The hearing officer refused. Animal Control Officer Rivera then revealed that someone—who she claimed she could not identify—had come to the shelter the day before and attempted to have Ms. Yow, who was present, sign a waiver of her right to be represented by her legal counsel. When asked to identify who it was that approached Ms. Yow with the waiver, all three Animal Control officials claimed that they did not know.

At that point, Ms. Yow came into the room in which the meeting was taking place. Plaintiff's counsel asked the city officials to leave the room, which they did. Ms. Yow's psychiatric disabilities had already been triggered by the refusal of the staff to let her at least see her dog. W

When shelter staff returned to the room and announced that the hearing would commence Plaintiff's counsel again reiterated that there could not be a legitimate hearing that day for the reasons discussed above.  Nevertheless, the hearing officer officially opened the hearing. The psychiatric episode that had begun when Ms. Yow had been refused permission to see "Grizz" rapidly intensified as she became increasingly agitated, sobbing, physically unstable and clearly in the grip of psychiatric conditions of which the City was fully aware. All three City officials watched as if it were an entertainment while plaintiff's counsel and Union president Prado tried to calm Ms. Yow and ultimately were able to accompany her as they left the "hearing".

The City's Opposition asserts that the balance of equities favors the City because "Grizz" poses a threat to the public and to staff at the shelter. A substantial portion of the City's brief is

an attempt to show that Grizz is a dangerous and vicious animal that must be destroyed and that any further delays would constitute "a fundamental alteration."

It is the City that conducted a fundamental alteration by perverting the entire process by which the owner of an allegedly vicious animal and the owner's legal counsel are entitled to appeal the City's preliminary determination and present a defense. Robbed of that right, acting in complete disregard of Ms. Yow's mental disabilities and having failed to get her to waive her right to legal counsel that is fully prepared to present that defense, the City's shelter officials capped the perversion with a "hearing" that can only be described as a kangaroo court of the lowest order.

It is no surprise that the City would prefer to now litigate the issue of whether Ms. Yow's psychiatric service animal meets the criteria permitting the most extreme measure, i.e., destroying her dog, within the context of a motion to simply restore to Ms. Yow her right to a full and fair administrative pre-deprivation hearing.

What is before the court is the denial of elementary due process. There is no danger to the public from a dog that is in a cage at the pound. And there has been no independent confirmation that shelter staff are in any more danger than ordinarily exists at a facility where all manner of animals are routinely brought in off the streets.

All Plaintiff seeks is an order requiring the City to schedule and fairly conduct the hearing required by law before, in this case, a dog which has provided service, companionship and protection to a unhoused female whose disabilities only increase her vulnerabilities, now exacerbated by the destruction of her encampment by the City of Berkeley.

The Court is urged to grant plaintiff's motion for a preliminary injunction until, at the least, all the evidence has been considered, witnesses have been examined and cross-examined,

and Ms. Yow has been able to meaningfully participate with the vital assistance of her legal counsel and the president of her Union.

Dated: September 18, 2026

Respectfully submitted,
/s/ Anthony D. Prince
Attorney for Sunny Yow

**DECLARATION OF ANTHONY D. PRINCE**

I, Anthony Prince, hereby declare the following:

1. I have represented Plaintiff Sunny Yow for over five years, beginning in 2021 when she joined the Sausalito/Marin County Homeless Union and became a beneficiary of the Settlement in *Sausalito Homeless Union v. City of Sausalito* that provided her with substantial housing assistance funds from the City of Sausalito.
2. Concurrently with the filing of this Reply, I am causing to be filed a Notice of Appearance on behalf of Ms. Yow in this matter.
3. Yesterday afternoon, September 17, 2026, my wife was involved in an accident in which she suffered a fracture in her left foot and was seen in the ER at Alta Bates Hospital in Berkeley, CA. She was treated and released at 8:00 pm. I had to attend to her through the night and this morning.
4. In the above Reply, description of events that involved me as Ms. Yow's attorney are based on personal knowledge and reference to emails between the City and me that are part of Exhibit A to the City's Opposition Brief. (Docket 13).

I swear under penalty of perjury under the laws of the United States and the State of California that the foregoing is a true and correct statement based on personal knowledge.

Dated: September 18, 2026 /s/ Anthony D. Prince